No. 25,492.

Irene H. Jones, *Appellee*, v. W. H. Graner, *Appellant*.

SYLLABUS BY THE COURT.

Automobiles—*Collision—Contributory Negligence—Evidence*. An automobile
driver who, to avoid a collision with an approaching automobile, drives to
the extreme right side of the road, cannot be said, as a matter of law, to be
guilty of contributory negligence, where the evidence does not show con-
clusively that he was driving at an excessive rate of speed.

Appeal from Atchison district court; William A. Jackson, judge. Opinion
filed March 7, 1925. Affirmed.

*C. J. Conlon*, of Atchison, for the appellant.
*Ralph U. Pfouts*, and *Charles T. Gundy*, both of Atchison, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff recovered judgment for damages sus-
tained by her in a collision with an automobile driven by the de-
fendant, who appeals.

The action was tried without a jury. The facts shown by the
evidence were that the plaintiff, in an automobile driven by her
husband, was going west on the north side of a public road; that
the defendant, in an automobile, was driving east about eight feet
behind a Ford car on the south side of the road, and attempted to
drive around that car; that immediately after getting from behind
the Ford car he saw the car driven by the plaintiff's husband coming
from the east, and realized that unless he could get out of the way
a collision would take place; that he attempted to drive out of the
road to the north; that the plaintiff's husband saw the defendant
drive out from behind the Ford car, realized that a collision was
about to take place, and attempted to drive along the extreme north
side of the road so as to give the defendant room to pass between
the car driven by the plaintiff's husband and the Ford car; and
that a collision then occurred. There was conflicting testimony as
to the speed of the two cars—each side testified that the other was
driving rapidly—and there was conflicting testimony as to which
car struck the other.

The defendant contends that the plaintiff's husband was guilty of
contributory negligence as a matter of law. That cannot be true,
because the evidence did not show conclusively that he was driving
at an unreasonable rate of speed. There was evidence which tended

to show that he was on the proper side of the road and was exercising what care he could to avoid a collision with the defendant's car. The result of the trial depended entirely on the evidence. The questions for determination were for the trier of facts, and the conclusions reached on the evidence are final.

The judgment is affirmed.